MEMORANDUM OPINION
 

 SPORKIN, District Judge.
 

 This matter is before the Court on defendant-petitioner Daniel J. Perkins’ 28 U.S.C. § 2255 motion to vacate his conviction under 18 U.S.C. § 924(c)(1). Section 924(e)(1) imposes a mandatory five year sentence for using or carrying a firearm during the commission of a drug trafficking offense. Perkins asserts that in light of the Supreme Court’s decision in
 
 Bailey v. United States,
 
 -U.S.-, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), the evidence was insufficient to support a conviction under 18 U.S.C. § 924(c). In the alternative, defendant contends that this Court’s instruction to the jury on “use and carry” was legally deficient and that he should be granted a new trial.
 

 BACKGROUND
 

 While investigating the sound of gunfire, a police officer saw the defendant with a gun in his waistband. Disregarding the officer’s command to stop, the defendant ran, throwing the gun away as he fled. Soon after, he was apprehended and a loaded ammunition clip matching the gun was found on him. In addition, the defendant had 154 ziploeks of crack cocaine in one of his pockets and two large rocks of crack cocaine in another.
 

 Defendant admitted he had the gun but challenged the government’s theory that it was “in relation to” a drug trafficking offense. After a jury trial, Perldns was convicted of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 and using or carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).
 

 On December 6, 1995, the Supreme Court in
 
 Bailey v. United States,
 
 — U.S.-, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), held that federal courts had been interpreting the meaning of “use” in § 924(c)(1) too broadly. The Supreme Court held that in order for a person to be convicted under the use prong of § 924(c)(1), the government must show “an
 
 active employment
 
 of the firearm by the defendant.”
 
 Bailey,
 
 — U.S. at-, 116 S.Ct. at 505. The Court concluded, however, that a defendant who did not “actively employ[]” a firearm, nevertheless, could be found to have “carried” a firearm.
 
 Id.
 
 at -, 116 S.Ct. at 509. Accordingly, the Court remanded
 
 Bailey
 
 to the Court of Appeals to determine if the evidence supported a conviction under the “carry” prong.
 
 Id.
 

 ANALYSIS
 

 In ruling on a § 2255 motion, this Court must re-examine Perkins conviction in light of any subsequent interpretive changes in the substantive criminal law.
 
 See Davis v. United States,
 
 417 U.S. 333, 341—42, 94 S.Ct. 2298, 2302-03, 41 L.Ed.2d 109 (1974);
 
 United States v. McKie,
 
 73 F.3d 1149, 1151, 1153 (D.C.Cir.1996). The Court considers both of Perkins’ claims in light of this standard and the Supreme Court’s recent decision in
 
 Bailey.
 

 1.
 
 Sufficiency of the Evidence to Support Conviction
 

 Perkins asserts that there was no evidentiary basis for conviction under either the “use” or “carry” prong of § 924(c). The
 
 *44
 
 Supreme Court has held that where a jury has two or more bases of conviction, and the evidence on one basis is insufficient, a conviction will nevertheless be upheld if the evidence was sufficient on the alternative basis.
 
 Griffin v. United States,
 
 502 U.S. 46, 56, 112 S.Ct. 466, 472-73, 116 L.Ed.2d 371 (1991);
 
 Turner v. United States,
 
 396 U.S. 398, 90 S.Ct. 642, 24 L.Ed.2d 610 (1970). This is true, even though the Court does not know which of the bases premised the jury’s conclusion.
 
 Id.
 

 Here, the government proceeded under the theory that Perkins used and carried the gun in relation to a drug trafficking offense. Even assuming
 
 arguendo,
 
 that there is insufficient evidence for a conviction under “use” under the
 
 post-Bailey
 
 standard,
 
 Bailey
 
 did not change the definition of carry. In this case, an officer witnessed the gun in defendant’s waistband, and the defendant does not dispute this fact. The jury found the defendant guilty of the underlying offense of possession of cocaine with intent to distribute. Thus there are more than enough facts for a jury to have reasonably concluded that defendant was carrying a firearm in relation to a drug trafficking offense.
 

 2.
 
 Sufficiency of Instruction on “Use” or “Carry”
 

 Defendant contends that even if there is sufficient evidence to maintain a § 924(c) conviction, the jury was improperly instructed on use and carry. Since defendant does not contest that he was carrying the gun on his person, the issue is whether he carried it “in relation to” a drug trafficking offense. The jury was instructed that “[t]he use or carrying of a firearm relates to a drug trafficking offense if it advances or facilitates the commission of a drug trafficking offense. The carrying of a firearm does not relate to a drug trafficking offense if the defendant inadvertently used or carried the firearm.” Trial Tr., Feb. 5, 1991, at 26-27. This instruction is in no way foreclosed by the
 
 Bailey
 
 decision and is consistent with it.
 

 Because defendant has failed to show either an insufficiency of evidence or an improper instruction to the jury, his § 2255 motion to vacate is denied. An appropriate order is attached hereto.
 

 ORDER
 

 This matter is before the Court on defendant-petitioner Daniel J. Perkin’s Motion for Relief from Conviction pursuant to 28 U.S.C. § 2255. For the reasons stated in the foregoing Memorandum Opinion, it is hereby ORDERED that defendant-petitioner’s motion be DENIED.